IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAURICE WILLIAM IKLE,

    Plaintiff,

v.                                           MISC 12-0038 JCH/KBM

UNITED STATES OF AMERICA,

    Defendant.

## **SEALED**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    THIS MATTER is before the Court on Plaintiff's sealed pro se petition to expunge records of a his federal conviction for a forged check, an offense that he committed in 1975, and the United States' sealed response. *See Docs. 1, 3.* Presiding District Judge Judith Herrera referred the matter to me for proposed findings under 28 U.S.C. § 636(b). *See Doc. 4.* I find that no hearing or reply is necessary, and I recommend that this matter be dismissed for lack of jurisdiction.

    In the prior criminal proceeding in this District, the pro se Plaintiff was represented by counsel and pleaded guilty to the felony offense of forging a United States treasury check. The Court sentenced him under the former Federal Youth Corrections Act ("FYCA"), 18 U.S.C. §§ 50005 to 5024 (repealed in 1984), which allowed him to receive "treatment and supervision"

until the United States Parole Commission deemed it appropriate to discharge him.  In 1981, the Commission did so and issued a certificate that "unconditionally discharged" him and "set aside" the conviction.  *See Doc. 1-1; see also Doc. 1* at 4.  Despite having been "set aside" under the FYCA, the conviction might have an impact in future proceedings, for example, in Federal Sentencing Guidelines calculations for certain federal crimes or in certain immigration matters.[1]

On December 19, 2012, Plaintiff initiated this action using a form "petition to expunge records."  Based on the Court's research, he used the form created by the Utah state courts for this purpose, and omitted certain of the footer information. This form, available on the Internet, is attached as Exhibit 1.[2]  The boilerplate form requests that this Court expunge the records of the crime from any "court cases and related records in the position or control of any state, county or local government agency."  *Doc. 1* at 4.

The question posed is whether this Court has jurisdiction to grant Plaintiff's request.  Having given due consideration to the Petition, the Response filed by the United States and the relevant authorities, I find that it does not.  Under the circumstances presented here, none of the available federal statutory avenues for seeking expungement apply, and the Court does not have the authority to grant that relief under its inherent authority.

"There is no specific constitutional or general statutory right to expungement."  *Hall v. Alabama,* No. 2:09-cv-342-MHT, 2010 WL 582076, at * 7 (M.D. Ala. Feb. 18, 2010) (citing

---

[1] Not all of the federal circuits hold the same, and a recent decision from the Sixth Circuit reviews some of these cases.  To-date, the Supreme Court has not addressed the topic.  *See United States v. Graham,* 622 F.3d 445, 458, n.13 (6th Cir. 2010), *cert. denied,* 131 S. Ct. 2962 (2011) (reviewing cases where prior felony drug convictions "set aside" under the FYCA can still be counted in determining sentence for federal drug conviction); *Neptune v. Holder,* 346 F. App'x 671, 673 (9th Cir. 2009) (same can be considered in deciding whether to "adjust" an alien's status after marrying a United States citizen).

[2] *See* http://www.utcourts.gov/howto/expunge/docs/01_Petition_to_Expunge_Records_Criminal.pdf.

*Sealed Appellant v. Sealed Appellee,* 130 F.3d 695, 699-700 (5th Cir. 1997), *cert. denied* 523 U.S. 1077 (1998)). "Unlike many state legislatures, Congress has not enacted legislation providing for the expungement of criminal records. In the absence of Congressional guidance, the circuits have been divided as to whether a district court has jurisdiction to grant such relief." *Id.*

The Ninth Circuit' decision in *Sumner* comprehensively outlines the various possible federal avenues for expungement relief. *See United States v. Sumner,* 226 F.3d 1005 (9th Cir. 2000). The *Sumner* court explained that federal courts do not have general "inherent power, under equitable principles, to order expungement of criminal records." *Id.* at 1010. For a "federal court to have subject matter jurisdiction to hear an independent action there must be some statutory on constitutional basis for jurisdiction." *Id.*

*Sumner* held that the FYCA does not give federal courts the authority "to expunge [the plaintiff's] conviction and to have the record of his arrest and conviction removed from the Government's central files." *Id.* at 1008 (internal quotations omitted); *see also id.* (the FYCA gives a "district court limited jurisdiction to exercise its discretion retroactively to grant an early unconditional discharge and to set aside a conviction after the completion of the probationary period [in] circumstances [where] the failure to grant an early unconditional discharge from probation was due to an *oversight* by the district court."). While it is true that a few courts have expunged records under the FYCA, *see, e.g., Doc. 3* at 13, binding Tenth Circuit law holds that "set aside" under the FYCA and "expunge" are not synonymous. Moreover, the Tenth Circuit noted approvingly that the majority of circuits hold "'the FYCA 'does not allow a court to authorize the actual physical obliteration of the record of conviction.'" *United States v. Wacker,* 72 F.3d 1453, 1479 (10th Cir. 1995). The United States' comprehensively discusses those majority-position cases, and the Court finds them persuasive. *See Doc. 3* at 6-13. Given that the

Tenth Circuit has cited these cases approvingly, the Court believes that it would follow that clear majority position and find this Court has no jurisdiction under the FYCA to expunge Plaintiff's record as did the Eighth Circuit recently:

> In these consolidated appeals, the government appeals the district court's order granting Sharon Toman's motion to expunge her convictions, one of which was previously set aside under the Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5010(a) (repealed 1984), and the order denying the government's motion to reconsider. We find that the district court did not have jurisdiction to expunge either of Toman's convictions, *see United States v. Meyer,* 439 F.3d 855, 859-60 (8th Cir. 2006) (district court does not have ancillary jurisdiction to expunge conviction based solely on equitable considerations); *Bear Robe v. Parker,* 270 F.3d 1192, 1195 (8th Cir. 2001) (set-aside provision of FYCA is not equivalent to expungement of record); *United States v. McMains,* 540 F.2d 387, 389 (8th Cir. 1976) (FYCA does not authorize expungement of record), and thus we reverse and remand to the district court with instructions to vacate the expungement order.

*United States v. Toman,* 259 F. App'x 903 (8th Cir. 2008) (per curiam); *see also, e.g., United States v. Childs,* No. 2:93–CR–80302, 2011 WL 768068 (E.D. Mich. Feb. 28, 2011) (dismissing motion to expunge criminal conviction for lack of jurisdiction); *Study v. United States,* 2010 WL 1257655 at *5 (N.D. Fla. Mar. 4, 2010) (dismissing for failure to state claim, argument that dissemination of set-aside FYCA conviction and sentence violated that statute, noting that "set-aside provisions of § 5021 do not provide for the destruction, segregation, or sealing of arrest records, nor do they require destruction of the record of conviction.").

As for other possible avenues of relief, the *Sumner* court noted that:

> Federal appellate courts have upheld the remedy of expunction of criminal records under statutes providing for equitable relief or authorizing the correction of a criminal record. A district court has the power to expunge a criminal record under the Civil Rights Act [for example, 42 U.S.C. § 1971, 1985], the habeas corpus statutes [for example, 28 U.S.C. § 2255], the statutory preservation under the All Writs Act of a district court's authority to issue a writ of error

>    *coram nobis* [28 U.S.C. § 1651], to correct an unlawful conviction, or the Constitution itself. Congress has also enacted statutes that expressly authorize a district court to order expungement or to correct an inaccurate government record [citing 21 U.S.C. § 844(b)(2); 5 U.S.C. § 552a], and it has provided federal courts with limited jurisdiction to grant a new trial [under the Federal Rules of Criminal Procedure] to correct a sentence [under these Rules or 18 U.S.C. § 3582(c)], or to reduce a sentence to reflect the assistance that a defendant has given the Government [under the Rules].

*Sumner,* 226 F.3d at 1012.

The Tenth Circuit recognizes that a federal district court does have the "authority" to expunge criminal arrest or conviction records under statutes like those listed above or as a matter of equitable and inherent authority, but only under extremely limited circumstances, such as an unlawful arrest or prosecution coupled with dismissal of charges or an acquittal, or where a conviction has been invalidated.  This Court has no authority to do so where, as here, Plaintiff is not challenging the validity of his arrest or plea, under any civil rights statute.  *See, e.g., Camfield v. City of Oklahoma City,* 248 F.3d 1214, 1234 (10th Cir. 2001) ("It is well settled in this circuit that courts have inherent equitable authority to order the expungement of an arrest record or a conviction in rare or extreme instances.") (citing *United States v. Pinto,* 1 F.3d 1069, 1070 (10th Cir. 1993) and *United States v. Linn,* 513 F.2d 925, 927 (10th Cir.), *cert. denied,* 423 U.S. 836 (1975)); *United States v. Williams,* No. 08-CR-0021-CVE, 2011 WL 489771, at **3-4 (N.D. Okla. Feb. 7, 2011) (dismissal of charges and difficulty in finding employment did not warrant relief).  Rather, he is simply asserting expungement is proper as a matter of course.[3]

---

[3]  The form petition he used provides that expunging his crime is not "contrary to the public interest" because Plaintiff was "sentenced as a youthful offender" and he received a "certificate setting aside the conviction." *Doc. 1* at 4.  Elsewhere he checked the boxed noting that notes that: he was not convicted for a violent felony, automobile homicide, felony DUI, or a registerable sex offense; he paid all of the fines, etc.; he was released from parole thirty-one years ago; he has not been convicted of two or more felonies; and no jurisdiction is investigating him for a crime or has a criminal case pending against him.  *Id.* at 3.

Finally, the Tenth Circuit also disagrees with *Sumner* and holds that the All Writs Act does not grant independent authority to expunge. *See Pinto,* 1 F.3d at 1070, n.1.

To the extent that Plaintiff asks the Court to direct Executive Branch agencies, such as the U.S. Attorney, to expunge his records, the Circuits that have considered the issue recently find that the federal courts lack that authority.  For example, the Sixth Circuit recently discussed why the federal courts' original jurisdiction under 18 U.S.C. § 3231 over "all offenses against the law of the United States," does not grant them the authority to entertain expungement motions.  *See United States v. Lucido,* 612 F.3d 871, 874-76 (6th Cir. 2010); *see also Williams,* 2011 WL 489771, at *3, n.2. (referencing the *Lucido* case, among others).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the petition to expunge be dismissed for lack of jurisdiction.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE